**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Agaar Cithec,

Plaintiff,

v.

PNC Bank NA,

Defendant.

No. CV-26-04290-PHX-JJT

**ORDER**

At issue is Defendant PNC Bank NA's Motion to Transfer Venue (Doc. 10, Mot.), to which *pro se* Plaintiff Agaar Cithec filed a Response (Doc. 11, Resp.) and Defendant filed a Reply (Doc. 12). The Court will resolve the Motion without oral argument. LRCiv 7.2(f).

As a threshold issue, Defendant also filed a Motion for Relief from the Court's Order Striking Defendant's Reply in Support of Motion to Transfer Venue (Doc. 15). The Court's prior Order neither stated it was striking Defendant's Reply nor ordered it stricken. (Doc. 13.) The Court merely stated that any *further* brief filed past the applicable deadline without leave of Court will be stricken. The Court will thus deny as moot Defendant's Motion for Relief (Doc. 15).

In the Complaint (Doc. 1), Plaintiff—presently an Arizona resident—alleges she worked as a Customer Service Representative for Defendant, which is located in Atlanta, Georgia, beginning in September 2023, and she relocated from Arizona to Georgia in June 2024. In November 2024, she was diagnosed with trigeminal neuralgia and obtained leave

under the Family Medical Leave Act (FMLA) and short-term disability benefits from PNC's leave administrator. She returned to work from her medical leave in January 2025 and Defendant terminated her employment in March 2025, after which she moved back to Arizona. The Complaint raises claims against Defendant of discrimination under the Americans with Disabilities Act (ADA), ADA retaliation, FMLA interference, and FMLA retaliation. Defendant now moves to transfer this action to the Northern District of Georgia under 28 U.S.C. § 1404(a).

Section 1404(a) provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). In resolving a motion to transfer, a court may consider numerous factors, including for example: (1) "the location where the relevant agreements were negotiated and executed," (2) "the state that is most familiar with the governing law," (3) "the plaintiff's choice of forum," (4) "the respective parties' contacts with the forum," (5) "the contacts relating to the plaintiff's cause of action in the chosen forum," (6) "the differences in the costs of litigation in the two forums," (7) "the availability of compulsory process to compel attendance of unwilling, non-party witnesses," (8) "the ease of access to sources of proof," and (9) "the relevant public policy of the forum state, if any." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). The movant has the burden of showing that the proposed forum is the more appropriate one for the action. *Id.* at 499.

Plaintiff could have brought this lawsuit in Georgia, where Defendant is located and where the events giving rise to her claims arose. Because Plaintiff chose to file this case in Arizona, where she currently resides, the Court must compare Arizona and Georgia in terms of the parties' contacts, particularly those with respect to Plaintiff's claims, as well as the parties' access to sources of evidence and the availability of compulsory process, to

determine which forum is more convenient under § 1404(a). While Plaintiff states Defendant hired her while she lived in Arizona and she worked remotely, the events giving rise to her claims occurred in Georgia. Specifically, Plaintiff was diagnosed and treated in Georgia, obtained and spent her medical leave there, and was terminated from her employment there. Although Plaintiff was hired in Arizona, no events giving rise to her claims in this lawsuit occurred in Arizona. The parties can access the evidence of Plaintiff's medical diagnosis and treatment in Georgia, and Georgia witnesses are subject to compulsory process there. Likewise, the parties can access the administrative evidence—particularly of Plaintiff's medical leave, benefits award, employer's warning, and firing—in Georgia, not Arizona. Only Plaintiff herself is located in Arizona.

Other factors in the Court's § 1404(a) analysis are neutral. Neither state's courts are more familiar with the applicable law, since Plaintiff brings her claims under federal statutes. And both Georgia and Arizona have an interest in whether employers comply with federal requirements under the ADA and FMLA. As for the cost of litigation, while the Court understands Plaintiff's concern that travel from her residence in Arizona to Georgia for the purpose of litigating this case potentially strains both her financial and medical conditions, in its Reply, Defendant stipulates "that Plaintiff need not travel to Georgia for all non-trial proceedings," which ameliorates the potential hardship Plaintiff identifies. (Reply at 4.) Of course, "modern litigation tools" can mitigate the cost and burden of travel on either party; that is, any argument by Defendant that litigation in Arizona would be too costly for it would be equally weak. As such, considering modern technology, the cost and burden of travel is neutral in the Court's determination of the most convenient forum.

Because Georgia is the site where the events giving rise to Plaintiff's claims occurred, and the parties can access relevant evidence in Georgia, the Court finds it appropriate to transfer this case to the Northern District of Georgia for the convenience of the parties and witnesses and in the interest of justice.

**IT IS THEREFORE ORDERED** granting Defendant's Motion to Transfer Venue (Doc. 10).

**IT IS FURTHER ORDERED** denying as moot Defendant's Motion for Relief from the Court's Order Striking Defendant's Reply in Support of Motion to Transfer Venue (Doc. 15).

**IT IS FURTHER ORDERED** directing the Clerk of Court to transfer this case to the District Court for the Northern District of Georgia and to close this matter.

Dated this 25th day of August, 2026.

Honorable John J. Tuchi
United States District Judge